State v. Ward

STATE OF NORTH CAROLINA v. HAYES E. WARD

No. 7013SC574

(Filed 18 November 1970)

1. Assault and Battery § 15— self-defense — definition in charge — failure to define in relation to lesser offenses submitted to jury

Where the trial court completely and correctly defined self-defense following the definition of assault with a deadly weapon with intent to kill inflicting serious injury, the court did not err in failing again to define self-defense as it related to each of the lesser offenses which were submitted to the jury.

2. Criminal Law § 169— admission of evidence over objection — error cured by defendant's testimony to same effect

In this prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, error, if any, in the admission over defendant's objection of a deputy sheriff's testimony as to the sobriety of defendant when he was arrested was cured by defendant's testimony to the same effect.

3. Assault and Battery § 13— propensity of victim for violence — instruction of witness to give responsive answer to a question

Where a witness, in response to a question as to the propensity of the prosecuting witness for violence, started to answer, "Up until about 5 years ago . . .," the trial court did not err in instructing the witness to give a responsive answer to the question.

4. Assault and Battery § 15— instruction that shotgun is a firearm

Portion of the charge in which the jury was peremptorily instructed that a .410-gauge shotgun is a firearm within the meaning of the law was free from prejudicial error when considered contextually.

5. Criminal Law § 102— questions asked by solicitor which were not answered — prejudice to defendant

Defendant was not prejudiced by questions asked by the solicitor to which defendant objected where, upon objection by defendant, the solicitor went to other matters and the questions to which objections were lodged were never answered, and it does not appear that the questions were asked for the purpose of getting before the jury prejudicial matters which the law does not permit them to hear.

APPEAL by the defendant from *Bickett, J.*, 20 April 1970 Session of BLADEN Superior Court.

The defendant, Hayes E. Ward, was tried on a bill of indictment charging assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. Ward pleaded not guilty.

The evidence for the State tended to show the following: Norma Mae Ward, wife of the defendant, had separated from the defendant, and at the time of the alleged assault was residing in a trailer situated about 30 feet from her brother's house on her brother's property. On the night of 30 December 1969, Hayes E. Ward drove to his wife's trailer, and got out of his car with something resembling a tobacco stick in his hands. Gordon Hall, Ward's brother-in-law, was awakened by the barking of his dogs and came out on the front porch of his house. Hall called to Ward not to go over there and start trouble, and then started walking toward the trailer. As Hall came around the end of the trailer, Ward shot him with a .410-gauge shotgun.

The evidence for the defendant tended to show the following: On the night of 30 December 1969, Ward went to his wife's trailer. Just as he got out of his car, Gordon Hall came out of his house with a 12-gauge shotgun in his hands, shouting to him that he had "no business here." Ward ran behind the trailer when he saw Hall's gun and tried to run away, but Hall followed Ward, shouting obscenities to Ward, challenging him to "come on out here and fight like a man." Ward had a gun in his possession at the time because he had previously been shot by his wife's boyfriend. Hall came around a corner of the trailer. As Hall was raising his gun to his shoulder, Ward shot Hall. The jury returned a verdict of guilty of assault with a firearm inflicting a serious injury; the court imposed judgment of imprisonment in the State's prison for not less than three (3) years nor more than five (5) years. From the verdict and judgment, the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Sidney S. Eagles, Jr., and Staff Attorney Russell G. Walker, Jr., for the State.*

*Joseph B. Chandler, Jr., for defendant appellant.*

State v. Ward

VAUGHN, Judge.

[1] Defendant assigns as error the failure of the court to define self-defense as it related to each of the offenses of which he could have been found guilty. The definition of self-defense was given completely and correctly following the definition of assault with a deadly weapon with intent to kill inflicting serious injury. After defining the crime of assault with a firearm inflicting serious injury, the court instructed the jury that if they were not satisfied of guilt beyond a reasonable doubt, they should return a verdict of not guilty, "bearing in mind, ladies and gentlemen of the jury, the definition which the Court has given you in connection with self-defense." In *State v. Davis,* 265 N.C. 720, 145 S.E. 2d 7, *cert.* den. 384 U.S. 907, the Court defined "assault" in instructing the jury on assault with intent to commit rape. Thereafter, in explaining the law with respect to an assault with a deadly weapon, the judge said: " 'The court will not again define what is meant by assault because the same definition applies here as in the other except that this is with a deadly weapon.' And in explaining assault on a female the court said: 'the same definition of assault that I have heretofore given you applies in this case, on this count.' " Defendant contended that reference to a former definition was confusing to the jury. The Court said: "We cannot say as a matter of law that the jury were, or might have been, confused by instructions which are clear, simple and unambiguous. There is no requirement of law that a trial judge must repeat a definition each time the word or term (once defined) is repeated in the charge. *State v. Young,* 286 S.W. 29 (Mo.). See also *State v. Tyndall,* 230 N.C. 174, 52 S.E. 2d 272; *State v. Killian,* 173 N.C. 792, 92 S.E. 2d 499." See also *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858, where the Supreme Court held it unnecessary to repeat the definition of "malice" each time the word or term is repeated in the charge.

[2] The deputy sheriff who investigated the incident was asked about the sobriety of the defendant when he was arrested. The response was: "I smelled the odor of alcohol on his breath . . . I couldn't tell at that time that he was affected by it." Later during cross-examination, the defendant testified that he had three drinks between five and six o'clock, that he was not drunk and that he drank nothing else after six o'clock.

Any error which might have been committed in admitting Deputy Sheriff Hester's testimony as to defendant's sobriety

was cured by defendant's own testimony to the same effect. Stansbury, North Carolina Evidence 2d, § 30, states the rule that when evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost. The North Carolina Supreme Court has recently followed this rule in a similar case where defendant subsequently testified without objection to facts which had been admitted over objection when testified to by an earlier witness. *State v. McDaniel,* 272 N.C. 556, 158 S.E. 2d 874. The rule was adhered to following a remand of the *McDaniel* case by the United States Supreme Court. *State v. McDaniel,* 274 N.C. 574, 164 S.E. 2d 469.

[3]   Defendant's next assignment of error is directed to the examination of the deputy sheriff with reference to the character of the prosecuting witness, Gordon Hall. Defendant's counsel asked the deputy sheriff if he knew the reputation of the prosecuting witness with respect to his propensities toward violence. After receiving an affirmative answer, defendant's counsel asked, "What is that reputation?" The witness answered, "Up until about 5 years ago he used to fight . . . " The court sustained an objection and instructed the witness to give a responsive answer to the question. The witness said, "I don't know it now to be that." No subsequent questions concerning the reputation of the prosecuting witness five years ago were asked. We see no error in limiting a witness to an answer that is responsive to the question propounded.

[4]   Defendant also assigns as error a portion of the trial court's charge to the jury in which the jury was peremptorily instructed that a .410-gauge shotgun is a firearm within the meaning of the law. We have carefully reviewed that portion of the charge, and considering it contextually, we find that it was free from prejudicial error, and the assignment of error relating thereto is overruled.

[5]   Defendant's remaining assignments of error relate to questions propounded by the prosecutor. The questions were objected to, and upon hearing the objection, the solicitor went to other matters and the question to which objections were lodged were never answered. It does not appear that these questions were asked for the purpose of getting before the jury prejudicial matters which the law does not permit them to hear. In *State v. Barrow,* 276 N.C. 381, 172 S.E. 2d 512, the Court said, "Ordinarily, merely asking the question will not be held preju-

dicial. *State v. Williams*, 255 N.C. 82, 120 S.E. 2d 442; *State v. Hoover*, 252 N.C. 133, 113 S.E. 2d 281. Compare *State v. Phillips*, 240 N.C. 516, 82 S.E. 2d 762." *Phillips, supra*, is factually distinguishable from the case at hand. There, the solicitor asked seventeen questions insinuating various wrongdoings of the defendant. Objections to only three questions were sustained, and the defendant answered the remaining fourteen. The Court held that the solicitor had *persistently* violated the rules of practice governing cross-examination to such an extent as to deprive the defendant of that fair trial to which all men are entitled. No such abuse appears in the present case. The defendant has had a fair and impartial trial free from prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.