PER CURIAM.
Appellant seeks review of a jury verdict finding him guilty of robbery and carrying a concealed firearm. He was sentenced to serve consecutive terms of seventy-five years for robbery and five years for carrying a concealed firearm.
*860 Appellant’s first point on appeal is that the trial court erred in denying defense counsel’s motion for mistrial which arose as the result of alleged prejudicial remarks made by a private security officer. The officer stated that upon arresting defendant and warning him not to say anything, defendant responded by saying that he already knew what to do from prior experience. Appellant contends that this remark indicated to the jury that defendant had been previously arrested and it was, therefore, highly prejudicial and an improper attack on defendant’s character.
The problem before this court is whether any error was committed by allowing this statement before the jury and if this was reversible error. Error may have been committed by the security officer in his comment reflecting upon defendant’s past criminal record. However, this was subsequently cured by facts admitted by defendant while testifying in his own behalf. In Meade v. State, Fla.1957, 96 So.2d 776, cert. den. 355 U.S. 920, 78 S.Ct. 351, 2 L.Ed.2d 279, a police officer recited a conversation between another police officer and the defendant in which the second officer felt defendant was “aware of his civil rights as he had been in trouble before”. Defendant’s objection to the statement was sustained but a mistrial was denied. No prejudicial error resulted from this because defendant in his own testimony related to the jury that he had been in trouble before.
Cases from other jurisdictions involving related circumstances are abundant. All these cases hold that the alleged error complained of could not in any way have been prejudicial to defendant since defendant cured any error by admitting in his own testimony the prior facts. Recent cases include Meade v. Cox, 438 F.2d 323 (4 Cir. 1971); State v. Ward, 9 N.C.App. 684, 177 S.E.2d 317 (1971); Williams v. State, 250 Ark. 859, 467 S.W.2d 740 (1971); State v. Pigott, 1 Ohio App.2d 22, 197 N.E.2d 911 (1964); People v. DePrima, 172 Cal.App.2d 109, 341 P.2d 840 (1959).
In view of the evidence in the record, the appellant’s second point on appeal is without merit.
The third point urges that the court erred in imposing the sentences on both the robbery and carrying a concealed firearm counts of the information in that the two counts were facets of the same transaction. This position is untenable. The record discloses that they were separate and distinct offenses. Footman v. State, Fla.App.1967, 203 So.2d 356; State v. Conrad, Fla.App.1971, 243 So.2d 174.
Affirmed.