STATE OF NORTH CAROLINA v. JAMES LEE HARRIS

No. 7226SC383

(Filed 24 May 1972)

1. **Criminal Law § 86— cross-examination — prior offenses**

   In this prosecution for common law robbery, the solicitor was properly allowed to ask certain questions of the defendant on cross-examination for the purpose of impeaching defendant by showing prior offenses for which defendant had been tried and convicted, there being no indication that the solicitor did not have a legitimate basis for asking the questions excepted to.

2. **Robbery § 5— common law robbery — instructions**

   The trial court's instructions on force as an element of common law robbery were sufficient.

APPEAL by defendant from *McLean, Judge,* 25 January 1972 Schedule "C," Criminal Session, MECKLENBURG County Superior Court.

The defendant was tried under a bill of indictment, proper in form, charging him with the felony of common law robbery of William Neal Cathey on 5 February 1971.

The defendant entered a plea of not guilty. The evidence on behalf of the State would sustain a finding that on 5 February 1971 about 10:30 in the morning, Cathey was a seventy-five-year-old bank messenger employed by First Federal Savings and Loan of Charlotte. He had been employed by First Federal for about thirty-five years. On this morning he was delivering messages to different banks and was on his way back to the First Federal. Just as Cathey reached the First Federal building on South Tryon Street in Charlotte, the defendant came up behind him and grabbed the bank pouch which was under his arm saying, "Hand me the money. Give me the money." Cathey was holding on to the pouch tightly. In the ensuing struggle over the pouch the defendant got in front of Cathey and the pouch or some object struck Cathey in the nose causing it to bleed. Cathey had an opportunity to observe the defendant closely during the struggle. When his nose started bleeding, Cathey turned the pouch loose and the defendant ran across South Tryon Street nearly being hit by an automobile and reached the second block from where the pouch had been snatched. At this point the defendant was apprehended by being tripped and falling to the sidewalk. The defendant got up and started to run again but was again apprehended. Mr. Charles Black, who was parking his automobile at the time, saw the defendant grab the pouch from Cathey, and he and Cathey identified the defendant in court.

The money pouch contained a deposit slip and a $10.00 bill.

The defendant testified in his own behalf and denied that he had ever seen Cathey or had taken anything from him; that he was walking down the street when "two guys" grabbed him and Cathey came down the street and accused him of taking his money which he had not done.

From a verdict of guilty and a prison sentence of ten years, the defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Ernest L. Evans for the State.*

*Jerry W. Whitley for defendant appellant.*

## CAMPBELL, Judge.

[1] The defendant assigns as error several questions asked the defendant by the Solicitor on cross-examination. The questions asked were for the purpose of impeaching the defendant by showing prior offenses for which the defendant had been tried and convicted. The defendant's answers to these questions indicated that the defendant had been convicted for flim-flamming, gambling, larceny by trick, three or four times for possession of heroin, possession of a needle and syringe, and carrying a concealed weapon. The defendant denied having been convicted of other offenses but stated that he had been in jail on several occasions having been mistaken for another James Harris.

The defendant in support of his assignment of error relies upon the case of *State v. Phillips,* 240 N.C. 516, 82 S.E. 2d 762 (1954). The instant case is readily distinguishable from *State v. Phillips.* In the instant case the defendant was being cross-examined with respect to previous convictions. There is no indication that the Solicitor did not have a legitimate basis for asking the questions excepted to. The defendant answered several of those questions affirmatively, and there is nothing to indicate that the Solicitor violated the rules of practice covering cross-examination. The Solicitor was entitled to probe the defendant's past criminal record for the purpose of impeachment. *State v. Jenkins,* 8 N.C. App. 532, 174 S.E. 2d 690 (1970); *State v. Ward,* 9 N.C. App. 684, 177 S.E. 2d 317 (1970), *cert. denied,* 277. N.C. 459 (1971).

[2] The defendant further assigns as error a portion of the Judge's Charge to the jury. The defendant asserts that the trial judge, in instructing the jury concerning the crime of common law robbery, did not require the jury to find that the taking "must be accompanied by violence, intimidation or putting in fear."

When read contextually, we find that the court's instructions to the jury were complete and adequate. The court defined robbery to the jury as "the forcible taking and carrying away

of personal property of another from his person or in his presence without his consent and against his will by fear, force or intimidation with intent to deprive him of its use permanently, the taker knowing that he was not entitled to take it." And again, the court instructed the jury that before the jury would be entitled to return a verdict of guilty, the State was required to prove, "six things beyond a reasonable doubt: (1) That the defendant took the property from the person of Cathey or in his presence, that is, in Cathey's presence; (2) that the defendant carried the property away; (3) that Cathey did not voluntarily consent to the taking and carrying away of the property; (4) that at the time the defendant intended to deprive Cathey of its use permanently; (5) that the defendant knew he was not entitled to take the property; and (6) that the defendant used force or threatened immediate force or the use of force to obtain the property." We think the charge was adequate and sufficient and this assignment of error is overruled.

In the trial of this case we find

No error.

Chief Judge MALLARD and Judge BROCK concur.