STATE OF NORTH CAROLINA v. JOHNNY MACK OXNER

No. 7714SC996

(Filed 15 August 1978)

1. **Robbery § 1.1— armed robbery—claim of right to property taken**
     There is no merit in defendant's contention that he could not be found guilty of armed robbery because he had a bona fide claim of right to the property taken where (1) defendant denied taking any property from the prosecuting witness at all; (2) defendant and others were "dealing" in marijuana, which is prohibited by statute; (3) defendant's claim was an unliquidated amount of money received by the victim in the sale of marijuana for defendant; and (4) defendant used a sawed-off shotgun to aid him in the collection of the money taken over the victim's objections.

2. **Criminal Law § 124.1; Robbery § 6— guilty verdict as to defendant—jury's request for instructions as to codefendant—no showing of lack of understanding of charges against defendant**
     The trial court in an armed robbery case did not err in refusing to set aside a jury verdict finding defendant guilty of attempted armed robbery and to resubmit the case to the jury when the jury, which had been unable to agree on a verdict as to a codefendant and was still deliberating on the question of the codefendant's guilt or innocence, asked the court for another explanation of the elements of attempted armed robbery and attempted common law robbery, since the evidence against each defendant was not identical, and the jury's request did not show that it did not understand the elements of the charges against defendant.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 5 August 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 3 April 1978.

Defendant was indicted for armed robbery of one Louis White Keith of $50.00, found guilty by a jury of attempted armed robbery, sentenced to eight to ten years in the custody of the Department of Correction, and he appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Richard N. Weintraub, for defendant appellant.*

ERWIN, Judge.

The defendant contends in light of the circumstances disclosed by the evidence that the jury could possibly find him guilty of the offense of assault with a deadly weapon or the offense of larceny from the person or both. In failing to instruct the jury on these two offenses, the defendant asserts that the trial court committed prejudicial error, entitling him to a new trial.

[1] The defendant further contends, relying on *State v. Spratt,* 265 N.C. 524, 144 S.E. 2d 569 (1965), that a person cannot be guilty of robbery and forcibly taking property from the actual possession of another where he has a bona fide claim of right or title to the property, since such belief negates the requisite *animus furandi* or intent to steal.

In the trial below, the State's evidence tended to show that sometime prior to 15 April 1977, defendant's girl friend, one Iris Harris, gave Keith some marijuana. On 15 April 1977, defendant approached Keith and stated, "You have got my money." Keith testified, "I thought it (the marijuana) was a present." Defendant contends that Keith owed him some money which resulted from the sale of the marijuana. Keith testified.

> "[I] tried to sell it but couldn't, and that is why I didn't owe Oxner any money. I received nothing from Oxner, so I did not think that he was entitled to receive anything from me.
>
> Later that afternoon Oxner returned, this time with codefendant Connie Hickson. The two of them approached me

with guns. Oxner 'asked me did I have his money and I said no.' He asked for the money several times. I knew what he was talking about. At one point they pointed the guns at me. I told Hickson that he had nothing to do with the matter. They went through my pockets, and I scuffled with them. Each of them struck me, and I was bruised. They left me, and then a passing police car was flagged down."

A scuffle ensued between defendant, co-defendant, and the prosecuting witness, Keith, after which Keith was missing $50.00. Defendant and co-defendant were apprehended shortly thereafter, and two loaded guns were found nearby.

Iris Harris testified for co-defendant, Hickson, that she was with the defendant both times on 15 April 1977 when he went to see the prosecuting witness:

"[I] had earlier given Keith some marijuana, and Keith was supposed to sell it. I had promised the proceeds of the sale to Johnny Oxner, and Keith knew of that promise. Keith had told Oxner that he (Keith) would pay Oxner.

On the afternoon of April 15, Oxner got out of his car with a gun, but he never pointed it at Keith. As Keith went toward his car, Hickson raced Keith to it and Hickson took a gun from Keith's car. Neither Hickson nor Oxner searched Keith's pockets."

Larry Baines testified that Keith had earlier said he had sold the marijuana in question for about $100.00.

Defendant's evidence tended to show that he spoke to Keith several times on 15 April 1977; that Keith knew that he was to sell the marijuana and give him the money from the sale, but refused to do so; that neither defendant nor co-defendant pointed guns at Keith or took money from him.

From the evidence, the Court charged the jury in part:

"Therefore, I charge you that if you find from the evidence and beyond a reasonable doubt that on or about the 15th day of April, 1977, Johnny Mack Oxner or Connie Ray Hickson had in their possession, either of them, a firearm and took and carried away a $50.00 bill from the person or the presence of Louis Keith without Mr. Keith's voluntary con-

sent, and accomplished this by endangering or threatening Mr. Keith's life with the use or threatened use of a sawed-off shotgun, the defendant knowing that he was not entitled to take the property, and intending at the time to deprive Mr. Keith of its use permanently, if you find those seven things from the evidence and beyond a reasonable doubt, it would be your duty to return a verdict of guilty of robbery with a firearm. However, if you do not so find or have a reasonable doubt as to one or more of these things you should not find him guilty of robbery with a firearm.

*    *    *

[I]n order for you to find the defendant or either of them guilty of attempted robbery with a firearm the State must prove four things beyond a reasonable doubt:

First, that the defendant or either of them, if they were acting in concert, intended to take the property of Louis Keith, to rob him, that is to say to forcibly take and carry away the personal property of Mr. Keith, and intended to take it from his person or from his presence without his consenting, knowing that they were not entitled to take it, intending to deprive him of its use permanently."

The evidence at the trial was in conflict. Defendant's testimony put at issue whether the money was taken from the prosecuting witness at all, not the intent with which it was taken. On the other hand, there was evidence which defendant asserts put at issue the intent with which the money was taken.

Our Supreme Court held in *State v. Lee*, 282 N.C. 566, 193 S.E. 2d 705 (1973), that in an armed robbery prosecution, the trial judge was not required to charge the jury that in order to convict the defendant, the jury must find that he took the victim's rings with the specific intent to convert them to his own use where the issue was not the intent with which the rings were taken but whether they were taken at all. In *State v. Lunsford*, 229 N.C. 229, 49 S.E. 2d 410 (1948), and *State v. Lawrence*, 262 N.C. 162, 136 S.E. 2d 595 (1964), our Supreme Court held that the evidence for the defendants tended to negate any intent to steal. In *Lunsford, supra*, the defendants contended they took a pistol from the prosecuting witness, who was intoxicated, to keep him from

shooting one of them; that the pistol was surrendered to the arresting officer; and that they had no intent to deprive him permanently of the pistol. In *Lawrence, supra,* the defendant had taken from the prosecuting witness' wallet the exact amount which the witness owed him and which he (witness) had said he would be glad to pay. A new trial was awarded in both cases, because the Court failed to explain in certain terms, understandable to a layman, the essential felonious intent implicit in the expression "felonious taking." In the case before us, the instructions of the trial judge were adequate.

In view of the record before us, we reject the defendant's contention that he cannot be found guilty of robbery and forcibly taking of property from the actual possession of another where he has a bona fide claim of right or title to the property since such belief negates the requisite *animus furandi* or intent to steal.

The record shows: (1) the defendant denied taking any property from the prosecuting witness at all; (2) the defendant and others were "dealing" in marijuana, which is prohibited by Chapter 90 of our General Statutes; (3) the alleged claim or debt was an unliquidated amount of money; and (4) the defendant used a "sawed-off" shotgun to aid him in collection of the debt or claim to the property taken over the objections of the prosecuting witness.

We renounce the notions that force be substituted for voluntary consent and violence be substituted for due process of law.

[2] In his final assignment of error, defendant contends the Court erred in denying his motion "to resubmit the case to the jury after the jurors showed their failure to understand the elements of the crimes" with which he was charged. This assignment has no merit.

The record discloses that after the jury had deliberated for some period of time, they returned to the courtroom and stated that they had reached a verdict as to the defendant Oxner, but had not reached a verdict as to the co-defendant. The Court proceeded to take the verdict as to defendant, and upon being polled, each juror confirmed his verdict of guilty of attempted armed robbery. The jury was dismissed for the night.

When court reconvened the next morning, the foreman asked for a re-explanation of the "six parts" constituting attempted armed robbery and attempted common law robbery. The Court gave additional instructions on the points requested, and the jury resumed its deliberations as to the co-defendant. Defendant's counsel then stated to the Court, "In view of the jury's questions about armed robbery, I move to set aside the verdict on the grounds that the jury didn't seem to understand." The trial judge denied the motion.

We conclude the motion was properly overruled. The jury had returned a complete verdict as to the defendant. Since the evidence against each defendant was not identical, it is understandable that the jury might have difficulty in applying the law to the case against one defendant that they would not have in the case against the other defendant. The assignment of error is overruled.

In the trial of the defendant below, we find no prejudicial error.

No error.

Judges BRITT and CLARK concur.