HARRIS, Judge.
Dylan Busl, at first appearance and after being cautioned, admitted ownersMp of the cannabis and the Rohypnol which were found at Ms premises during the execution of a search warrant. The first appearance tape was admitted into evidence over defense objection during the State’s case. Busl appeals; we affirm.
It is the defense’s position that the tape was not sufficiently authenticated. Ms. Inman, a deputy clerk, testified that the official duties of the Clerk of Court include tape recording all first appearances. She testified how the tapes are made and further testified that after the proceedmgs are recorded, the tapes are sealed and stored m the Clerk’s office under an appropriate number. It is an official record (a business record) kept by the Clerk of Court. It was produced at trial pursuant to a State subpoena. Ms. Inman testified that the tape had not been changed or altered in any way. We find the tape was properly authenticated.
The defense also contends that there was no showmg that the person speakmg on the tape and identifying himself as Mr. Busl was actually Dylan Busl. When the court made its ruling on the admissibility of the tape, it had before it the entire court file. TMs would include the Bookmg Officer’s Certificate, signed by Mr. Busl, setting Ms first appearance on the date the tape was recorded. The record also included the order of the county court judge admittmg Mr. Busl to bond signed on the date indicated for Ms first appearance. These records are also before us. Further, Mr. Busl testified at trial that m fact the voice heard on the tape is Ms and confirmed the statements thereon. See Cooper v. State, 261 So.2d 859 (Fla. 3d DCA 1972).
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.