### STATE v. RONALD JAMES SPRATT.

(Filed 3 November, 1965.)

**1. Criminal Law § 3;    Robbery § 1—**

An attempt to take money or other personal property from another under the circumstances delineated by G.S. 14-87 constitutes an accomplished offense and is punishable to the same extent as if there was an actual taking.

**2. Robbery § 5—**

While the felonious intent to take the goods of another and appropriate them to defendant's own use is a necessary element of armed robbery, attempt to commit armed robbery, and common law robbery, and while in every case the court must give in its charge some explanation of felonious intent, the comprehensiveness and specificality of the instructions relating to felonious intent depends upon the facts in the particular case.

**3. Same—**

In this prosecution for an attempt to commit armed robbery the State's evidence tended to show that defendant threatened the cashier of a store with a pistol and attempted to take money from the drawer. Defendant relied upon an alibi. *Held:* An instruction to the effect that the jury, in order to convict, must find beyond a reasonable doubt that defendant attempted to take the property of another with "intent to rob" and that felonious intent is an essential element of the offense, is a sufficient instruction under the facts of the case upon the question of felonious intent. "To rob" or "robbery" imports an intent to steal.

APPEAL by defendant from *Fountain, J.,* February 1, 1965, "B" Session of MECKLENBURG.

Criminal action in which defendant is charged with an attempt to commit armed robbery. Plea: Not guilty. Verdict: "Guilty of attempted armed robbery." Judgment: Prison sentence of not less than 12 nor more than 15 years.

The State's evidence tends to establish these facts: Between 8:00 and 9:00 P.M. on 23 December 1964, defendant entered Minute Markets, Inc., and selected a few items of merchandise. He went to the "check-out" counter where Dwight Blackmon, store manager, was serving as cashier. Blackmon "rang up" the items on the cash register and reached under the counter for a paper bag. Defendant put his hand in the register drawer (in which there was about $400 in cash) and Blackmon slammed the drawer shut on his hand and took a black jack from beneath the counter. Defendant drew a loaded .32 caliber pistol and told Blackmon "it was a stickup," demanded the money from the drawer and reached for it. Blackmon struck his hand with the black jack. Defendant came around the counter and attempted to strike Blackmon with the pistol; Blackmon

blocked the blow with his arm. Defendant then told Blackmon if he didn't give him the money he would kill him. Blackmon pretended that he saw someone outside and beckoned him to come in. Defendant went out of the store without the money and told Blackmon not to follow. Defendant left the vicinity in a car which had been waiting outside.

Defendant's evidence was to this effect: He was visiting a girl from 5:30 to 9:30 P.M. the same evening on the opposite side of the city, and was with his mother and sister for a short time thereafter. On the same evening he went to get a sweater from one, McDonald, in another part of town. He was not at any time in the vicinity of Minute Markets, Inc.

*Attorney General Bruton, Assistant Attorney General Icenhour, and Staff Attorney Ray for the State.*
*Peter L. Reynolds for defendant.*

MOORE, J. Defendant contends there is prejudicial error in that the court failed "to charge and instruct the jury on the element of felonious intent."

The bill of indictment alleges, in pertinent part, that defendant "on the 23rd day of December, 1964, . . . unlawfully, wilfully and feloniously, having in possession and with the use and threatened use of firearms . . ., to wit, a .32 caliber pistol, whereby the life of Dwight Blackmon was endangered and threatened, did then and there unlawfully, wilfully, forcibly, violently and feloniously *attempt* to take, steal and carry away lawful money of the United States . . . from the presence, person, place of business . . . of Dwight Blackmon and Minute Markets, Inc. . . . ." (Italics ours).

The case was submitted to the jury on the charge of *attempt,* as alleged in the bill. An attempt to take money or other personal property from another under the circumstances delineated by G.S. 14-87 constitutes, by the terms of that statute, an *accomplished* offense, and is punishable to the same extent as if there was an actual taking. *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496.

The judge instructed the jury, *inter alia,* as follows:

". . . for an attempt to be complete within and of itself as an attempt, there must not only be the intent to do the thing, but also some overt act which, if not warded or stopped, would result in the final completion of the act. So if the defendant merely intended to rob Mr. Blackmon, but did not do any overt act, calculated to complete the robbery, then the attempt would not have occurred, but if he did intend to rob him, and did

commit an overt act, calculated and designed by him to bring about the robbery, then that would constitute an attempt or to put it another way, ladies and gentlemen, if the defendant armed with a pistol drew it on and pointed it at Mr. Blackmon for the intention and purpose of taking money from his cash register by force and against his will, and if he actually made an overt effort to take money or any part of it, and if in doing so it was by force and against the will of Mr. Blackmon and if his life was in danger or threatened, the crime of attempt to commit robbery under this Statute would have been complete." (Emphasis added.)

Under the factual circumstances of this case, the foregoing excerpt from the charge contains a sufficient statement of all of the elements of the offense charged, including that of intent.

A taking with "felonious intent" is an essential element of the offense of armed robbery, of attempt to commit armed robbery, and of common law robbery, and it is prejudicial error for the court to charge that defendant may be convicted of such offense even though the taking was without felonious intent. *State v. Chase,* 231 N.C. 589, 58 S.E. 2d 364. The comprehensiveness and specificality of the definition and explanation of "felonious intent" required in a charge depends on the facts in the particular case. There must be some explanation in every case. *State v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595. But, where the evidence relied on by defendant tends to admit the taking but to deny that it was with felonious intent, it is essential that the court fully define the "felonious intent" contended for by the State and also explain defendant's theory as to the intent and purpose of the taking, in order that the jury may understandingly decide between the contentions of the State and defendant on that point. In other words, where the evidence is susceptible of conflicting inferences on the question of intent, develops a direct issue on that point and makes intent the battleground of the case, full and explicit instructions on this phase is required. *State v. Lawrence, supra.* For instance, as in *Lawrence,* defendant may contend that his conduct in taking the property amounts only to a forcible trespass. There is a material difference between the intent in robbery and that in forcible trespass. ". . . in the former there is, and in the latter there is not, a felonious intention to take the goods, and appropriate them to the offender's use." *State v. Sowls,* 61 N.C. 151. A defendant is not guilty of robbery if he forcibly takes personal property from the actual possession of another under a bona fide claim of right or title to the property, or for the personal protection and safety

of defendant and others, or as a frolic, prank or practical joke, or under color of official authority. *State v. Lawrence, supra; State v. Lunsford,* 229 N.C. 229, 49 S.E. 2d 410; *State v. Curtis,* 71 N.C. 56; *State v. Sowls, supra.* Where such defenses are specifically interposed and arise on the evidence, defendant is entitled to such explanation of the law as will serve to bring clearly into focus the conflicting contentions.

It is purely and simply a matter of complying with the requirements of G.S. 1-180. The court is required to "declare and explain the law arising on the evidence."

"Ordinarily the court should charge the jury in some form that the taking must have been with the intent to steal, although where the defense was an alibi and the evidence developed no issue or contention that the taking was under a bona fide claim of right or was without any intent to steal, the instructions may be upheld notwithstanding a failure to charge in specific terms with respect to an intent to steal." 77 C.J.S., Robbery, § 49, pp. 514, 515; *Thomas v. State,* 189 S.E. 68 (Ga.); *Baygents v. State,* 122 S. 187 (Mass.); *Thomas v. State,* 391 P. 2d 18 (Alaska); *State v. Grillo,* 93 A. 2d 328 (N.J.), *cert. den.* 345 U.S. 976, 73 S. Ct. 1123, 97 L. Ed. 1391. See *State v. Childers,* 74 N.C. 180.

It is true that a plea of not guilty casts the burden on the State to prove each essential element of the offense charged beyond a reasonable doubt. 1 Strong: N. C. Index, Criminal Law, § 24. But the trial judge is not required to instruct the jury with any greater particularity upon any element of the offense than is necessary to enable the jury to apply the law with respect to such element to the evidence bearing thereon. In the instant case the defendant pleaded and offered evidence tending to prove an alibi. The *evidence* did not raise a direct issue as to intent. The court told the jury, in effect, that before they could return a verdict of guilty, they must find that defendant attempted to take the property with "intent to rob." "Rob" or "robbery" has a well defined meaning and imports an intent to steal. *Baygents v. State, supra.* The word "rob" was known to the common law and the expression "intent to rob" is a sufficient definition of "felonious intent" as applied to the robbery statute, in the absence of evidence raising an inference of a different intent or purpose.

We have considered all the assignments of error and find them to be without merit.

No error.