State v. Oxner

---

STATE OF NORTH CAROLINA v. JOHNNY MACK OXNER

No. 5

(Filed 16 March 1979)

**Criminal Law § 177— equally divided Court—judgment affirmed—no precedent**

Where one member of the Supreme Court did not participate in the decision or consideration of this case and the remaining six justices are equally divided, the opinion of the Court of Appeals is affirmed without precedential value.

Justice BRITT took no part in the consideration or decision of this case.

ON petition for discretionary review of the decision of the Court of Appeals, 37 N.C. App. 600, 246 S.E. 2d 546 (1978) (*Erwin, J.,* concurred in by *Britt* and *Clark, JJ.*), which affirmed the judgment of *Bailey, J.* entered in the 5 August 1977 Criminal Session of DURHAM County Superior Court. This case was docketed and argued during Fall Term 1978 as No. 127.

The defendant was charged, in an indictment proper in form, with armed robbery.

At trial the evidence for the State tended to show the following:

On 15 April 1977 the defendant approached Louis Keith outside a poolroom and stated to him, "you have got my money." Keith testified that Iris Harris, defendant's girlfriend, had previously given him some marijuana and the defendant felt that Keith owed him the money for it. Keith first testified that he thought the marijuana was given to him as a present; he then claimed that he tried but could not sell the marijuana and "that is why I [Keith] didn't owe Oxner any money."

Later that afternoon the defendant returned to the poolroom with his friend, Connie Hickson, and both men had guns. Several times the defendant asked Keith "did I [Keith] have his money and I said no." Keith claimed the two men pointed the guns at him. One of them held a gun on Keith while the other searched him. A fight ensued, Keith was struck and the defendant and Hickson got into a red Pinto and drove away. Although it does not appear in the testimony set forth in the record, apparently Keith stated that after this encounter, he was missing a fifty dollar bill. This fact was included in the judge's summary of the evidence to the jury and was not objected to by the defendant.

Keith immediately flagged down a police car that was driving by and told the officers that the men in the red Pinto had sawed-off shotguns. The policemen pursued the car which stopped at a residence hall of Durham College. The two men fled, carrying some objects. They were apprehended, and two loaded sawed-off shotguns were later found in the vicinity.

The evidence for the defendant tended to show the following:

Iris Harris testified that she had given Louis Keith some marijuana to sell and had promised the proceeds to the defendant. Keith had known of that promise and had told the defendant that he would pay him.

On 15 April 1977 Larry Baines and Iris Harris were present when the confrontation between the defendant, Hickson and Keith took place. The defendant got out of his car with a gun, but Hickson did not have a gun at that time. As Keith started toward his car, Hickson raced him to it and took a gun from Keith's car.

State v. Oxner

The defendant told Keith that the only thing he wanted was the money Keith had gotten from the marijuana sale. Larry Baines testified that Keith had previously stated he had sold the marijuana for approximately one hundred dollars. Iris Harris testified that the defendant never pointed the gun at Keith and that neither the defendant nor Hickson searched Keith's pockets.

The defendant took the stand on his own behalf. He said he had spoken to Keith several times before 15 April 1977 about the money in question. Keith had indicated to him that Ms. Harris told Keith defendant was to get the proceeds from the sale.

The defendant testified that he took the gun with him on 15 April because he knew Keith had a gun; he "did not intend to take the money from him with the gun." Neither he nor Hickson pointed a gun at Keith or took any property from him; however, the defendant struck Keith with the back of his gun.

The trial judge refused to use several instructions tendered by the defendant. He then submitted the crimes of armed robbery, attempted armed robbery, common law robbery and attempted common law robbery to the jury. The jury found the defendant guilty of attempted armed robbery, and the defendant was sentenced to imprisonment for a term of not less than eight years nor more than ten years. The defendant appealed. The Court of Appeals found no error in defendant's trial, and this Court granted defendant's petition for discretionary review.

*Richard N. Weintraub for the defendant.*

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch for the State.*

PER CURIAM.

Justice David M. Britt, being a member of the panel of the Court of Appeals which decided the case, did not sit in the appeal to this Court. The remaining six justices are equally divided as to whether, upon the facts in this case, the trial court should have instructed the jury that "[a] person is not guilty of robbery with force if he takes property from the actual possession of another under bona fide claim of right or title to the property" and should have charged the jury on the offense of assault with a deadly

State v. Oxner

weapon. Thus, the opinion of the Court of Appeals is affirmed without precedential value in accordance with the usual practice in this situation. *See, e.g., State v. Johnson,* 286 N.C. 331, 210 S.E. 2d 260 (1974) and cases cited therein.

Affirmed.

Justice BRITT took no part in the consideration or decision of this case.