STATE OF NORTH CAROLINA v. DERRICK ALONZO WILLIS

No. COA96-1519

(Filed 21 October 1997)

## 1. Robbery § 70 (NCI4th)— armed robbery—no evidence of ownership of property—evidence of possession sufficient

The trial court did not err in an armed robbery prosecution by not granting defendant's motion for a directed verdict where Floyd Burnette was in his mobile home with his fiancée when a man with a shotgun entered the home; the man asked where the drugs were; Burnette told the man he didn't know what he was talking about; the man took eight or ten dollars from him; defendant and another man entered the home; and defendant went to the bedroom of Burnette's brother, returning immediately with a VCR and a black case. There was substantial evidence of each element of armed robbery, even though defendant contended that there was no evidence of ownership of the VCR and black case, because there was undisputed evidence that these items were taken by defendant from Burnette's possession while Burnette was present and being threatened with a shotgun. It is the taking of personal property from another with force or putting that person in fear that is the gist of the offense and the ownership of the property taken is not relevant.

## 2. Robbery § 5 (NCI4th)— armed robbery—property promised for drugs

An armed robbery defendant's argument that he had a legitimate interest in items taken at the point of a shotgun because the owner had agreed to give them to defendant in exchange for drugs and that defendant therefore could not be guilty of robbery was rejected; adoption of the proposition would be but one step short of allowing lawless reprisal to become an acceptable means of redressing grievances.

Appeal by defendant from judgment dated 8 February 1996 by Judge Ronald E. Bogle in Buncombe County Superior Court. Heard in the Court of Appeals 17 September 1997.

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. White, for the State.*

*Pitts, Hay, Hugenschmidt & Devereux, P.A., by Sean P. Devereux, for defendant appellant.*

GREENE, Judge.

Derrick Alonzo Willis (defendant) appeals from a judgment sentencing him to a term of imprisonment of not less than 45 months and not more than 63 months. The judgment was based on a jury verdict finding the defendant guilty of armed robbery and conspiracy to commit armed robbery.

The evidence tends to show that on 17 November 1994, Floyd Burnette (Mr. Burnette) was in his mobile home with his fiancée, Kimberly Hardin (Ms. Hardin), when a black male carrying a shotgun entered the trailer. Mr. Burnette shared the mobile home with his brother, Adrian Burnette. Once inside, the black male asked Mr. Burnette "where the drugs were." Mr. Burnette testified that after he told the black male he did not know what the black male was talking about, the black male took eight or ten dollars from him. Two other men then came into the mobile home. One stood next to Ms. Hardin, while the other, the defendant, went straight to Adrian Burnette's bedroom and immediately came out with a video cassette recorder (VCR) and a black case. Mr. Burnette did not give the men permission to come into his home, to take the VCR nor the money.

George Sprinkle (Sprinkle), a detective with the Buncombe County Sheriff's Department, took written statements from Marvin

Gray, Kevin Wooten, and Jye Littlejohn, each of whom implicated the defendant. Sprinkle also took a written statement from the defendant who admitted that he had gone into the mobile home with Marvin Gray and Kevin Wooten while Jye Littlejohn stayed in the car. The defendant further admitted that he went into the bedroom and "got the stuff from under the mattress" because Mr. Littlejohn had told him that the "stuff" was under the mattress. Evidence indicated that Mr. Littlejohn had been in the mobile home the night before the robbery to purchase drugs. The State introduced the written statement (which was signed by the defendant) into evidence. At the end of the State's evidence, the defendant moved for a directed verdict on the basis that the State did not make a "clear [and] convincing case for the jury . . . ." This motion was denied by the trial court. The defendant presented no evidence.

---

The dispositive issue is whether the absence of any evidence as to the ownership of the VCR and black case requires dismissal of the armed robbery charges.

[1] Armed robbery has the following essential elements: (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened. *State v. Faison*, 330 N.C. 347, 358, 411 S.E.2d 143, 149 (1991). *See also*, N.C.G.S. § 14-87 (1993). The defendant contends that implicit in the first element is the requirement that the property taken must belong to the person from whom it is taken. We disagree. It is the taking of personal property from another with force or putting that person in fear that is the gist of this offense and the ownership of the property taken is not relevant. *State v. Spillars*, 280 N.C. 341, 345, 185 S.E.2d 881, 884 (1972). Indeed the State need only show that the property taken was in the "care, custody, control, management, or possession . . ." of the person from whom it was taken. *State v. Mason*, 279 N.C. 435, 440-41, 183 S.E.2d 661, 664 (1971) (quoting *State v. Lynch*, 266 N.C. 584, 586, 146 S.E.2d 677, 679 (1996)).

In this case there is no evidence as to the ownership of the VCR and the black case. There is undisputed evidence, however, that these items were taken by the defendant from Mr. Burnette's possession (from his residence) while Mr. Burnette was present and being threatened with a shotgun. This evidence is sufficient to support a conclusion that the VCR and black case were taken from the presence of Mr.

Burnette by the threatened use of a firearm and that the life of Mr. Burnette was endangered. Accordingly, there exists substantial evidence of each element of the offense of armed robbery and the trial court correctly denied the defendant's motion to dismiss the charges. *See State v. Smith*, 300 N.C. 71, 78-9, 265 S.E.2d 164, 169 (1980).

[2] In so holding we also reject the related argument of the defendant that he has a legitimate ownership interest in the VCR and black case because Adrian Burnette agreed to give him these items in exchange for a drug purchase and that because of that interest he cannot be guilty of robbery. Our Supreme Court has held that "[a] defendant is not guilty of robbery if he forcibly takes personal property from the actual possession of another under a bona fide claim of right or title to the property . . . ." *State v. Spratt*, 265 N.C. 524, 526-27, 144 S.E.2d 569, 571 (1965). Other jurisdictions have rejected this proposition and noted that this type of self-help is incompatible with an ordered and civilized society. *See* Kristine Cordier Karnezis, Annotation, *Robbery, Attempted Robbery, or Assault to Commit Robbery, as Affected by Intent to Collect or Secure Debt or Claim*, 88 A.L.R.3d 1309, 1314 (1978). Adoption of the proposition would be but one step short of allowing lawless reprisal to become an acceptable means of redressing grievances. *Id.* Indeed, in 1978 this Court rejected the defendant's claim that he could not be guilty of armed robbery because of his good faith belief that he had an ownership interest in the property taken. *State v. Oxner*, 37 N.C. App. 600, 604, 246 S.E.2d 546, 548 (1978) ("We renounce the notions that force be substituted for voluntary consent and violence be substituted for due process of law."), *judgment aff'd without precedential value*, 297 N.C. 44, 252 S.E.2d 705 (1979). Although that decision was affirmed by our Supreme Court, it was without precedential value because the justices were evenly split on the issue (with one justice recusing himself). *State v. Oxner*, 297 N.C. 44, 46-7, 252 S.E.2d 705, 706 (1979). Assuming the continued viability of *State v. Spratt*, however, the evidence in this case simply does not support the defendant's claim that he took the VCR and black case with a good faith belief that he was the lawful owner of those items.

We have carefully examined the defendant's other assignments of error and overrule them without discussion.

No Error.

Judges JOHN and TIMMONS-GOODSON concur.