STATE OF NORTH CAROLINA
v.
TITUS LAMONT BATTS.
No. COA09-1012.
Court of Appeals of North Carolina.
Filed: April 6, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Hilda Burnett-Baker, for the State.
Haral E. Carlin for defendant-appellant.
HUNTER, JR., Robert N., Judge.
Defendant Titus Lamont Batts appeals from the judgments entered after a jury found him guilty of aiding and abetting armed robbery, felonious possession of cocaine, possession of marijuana, and possession of a firearm by a felon. Defendant contends that the trial court erred when it declined his request to instruct the jury on the lesser-included offense of common law robbery. We find no error.

FACTS
On 4 February 2008, Ritza Ramos was working as a cashier at a gas station convenience store. After serving some customers at about 5:45 a.m., Ms. Ramos locked the store's front door because it was still dark and she was concerned for her safety. Ms. Ramos was also watching her three-year-old son as she worked, because she did not have childcare available that day.
A woman knocked on the door, and Ms. Ramos unlocked it for her. The woman entered, and was quickly followed by a man. When they entered the store, neither the man nor the woman had a mask or other covering on their faces, and the woman never covered her face. The woman pointed a pistol at Ms. Ramos, cursed at her, and demanded she give her money. Ms. Ramos was afraid, particularly for her son, and began to open the cash register drawer. The man came behind the counter, put on a ski mask, and took the cash register drawer from Ms. Ramos. Ms. Ramos was unable to identify the robbers, but the store had a surveillance camera that recorded the robbery. The State played the recording of the robbery for the jury during Ms. Ramos' testimony. After the man and woman left with money and a check from the cash register, Ms. Ramos ran outside with her son and called the store owner. The store owner then called the police, because Ms. Ramos does not speak English.
Late on 5 February 2008, Duplin County Sheriff's Department Deputy Jason Dubose and three other detectives were driving by a church that had been victimized in several recent break-ins when they noticed a car in the parking lot. The detectives stopped, ran the car's tag, and discovered that the car was stolen. The detectives followed the car to another driveway, then they pulled in behind it and one of the detectives approached the car. The detective saw a gun in the backseat, and all of the detectives then approached the car.
Defendant was sitting in the passenger seat of the car, and Lashawn Miller was in the driver's seat. In addition to the gun in the backseat, detectives found a .22 pistol in a storage console cup holder. Detectives removed defendant and Ms. Miller from the car and conducted a pat-down search of both individuals. During the pat down, detectives found money and drugs in defendant's possession. At trial, defendant stipulated that the substance detectives found was cocaine. When they searched the car, detectives also found additional ammunition, a ski mask, and gloves. Defendant and Ms. Miller were both arrested.
After being arrested, defendant initially identified himself to detectives as "Timothy Hill," but also told the detectives that he was a convicted felon. After being advised of his Miranda rights, defendant gave a statement to detectives. Defendant told detectives that the robbery was Ms. Miller's idea, because she needed money, and that she was also looking for another store to rob. Defendant told detectives that the .22 handgun belonged to Ms. Miller. On 8 December 2008, defendant was charged in an indictment with felonious possession of cocaine, possession of marijuana, aiding and abetting armed robbery, and possession of a firearm by a felon. Defendant pled not guilty; Ms. Miller testified for the State in exchange for a sentence reduction. Defendant did not testify or present any other evidence at trial.
During trial, Ms. Miller testified to the following: Ms. Miller knew defendant because he dated her older sister. Late on 3 February 2008 or early in the morning of 4 February 2008, defendant asked Ms. Miller to commit a robbery with him and showed her the store he intended to rob. Defendant also test fired the gun he intended to use in the robbery, and then gave the gun to Ms. Miller along with a toboggan and gloves she was supposed to wear during the robbery. Defendant told Ms. Miller to approach the store because he knew the store had a female clerk. Ms. Miller's description of the robbery was essentially the same as Ms. Ramos'. As Ms. Miller drove away from the store, defendant counted the money and wiped off the cash register tray and threw it out of the car.
The trial court denied defendant's motion to dismiss at the close of the State's evidence and again after the presentation of all evidence. During the charge conference, the trial court denied defendant's request to instruct the jury on common law robbery. In response to defendant's request, the trial court said, "I think on your defendant's election not to testify, which is tantamount to a denial, that is not appropriate. I'll note your exception for the record." The jury found defendant guilty of aiding and abetting armed robbery, felony possession of cocaine, possession of marijuana, and possession of a firearm by a felon.
The trial court found defendant to have a prior record level of IV, and imposed a presumptive-range term of 117 to 150 months' imprisonment for aiding and abetting armed robbery, and a concurrent term of 8 to 10 months' imprisonment for possession of cocaine and possession of marijuana. The trial court imposed a consecutive term of 20 to 24 months' imprisonment for possession of a firearm by a felon. Defendant appeals.

DISCUSSION
We address defendant's two arguments on appeal together, because, in both, he contends that the trial court erred when it declined to instruct the jury on the lesser-included offense of common law robbery. We disagree.
"Armed robbery has the following essential elements: (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." State v. Willis, 127 N.C. App. 549, 551, 492 S.E.2d 43, 44 (1997); see N.C. Gen. Stat. § 14-87 (2009). "By its express terms G.S. 14-87 extends to one who aids and abets in an attempt to commit armed robbery." State v. Dowd, 28 N.C. App. 32, 38, 220 S.E.2d 393, 397 (1975).
"All who are present at the place of a crime and are either aiding, abetting, assisting, or advising in its commission, or are present for such purpose to the knowledge of the actual perpetrator, are principals and equally guilty." Id. "A person is guilty of a crime by aiding and abetting if (i) the crime was committed by some other person; (ii) the defendant knowingly advised, instigated, encouraged, procured, or aided the other person to commit that crime; and (iii) the defendant's actions or statements caused or contributed to the commission of the crime by that other person." State v. Goode, 350 N.C. 247, 260, 512 S.E.2d 414, 422 (1999).
Common law robbery, which does not involve the use of a dangerous weapon, is a lesser-included offense of robbery with a dangerous weapon. State v. Harris, 91 N.C. App. 526, 372 S.E.2d 336 (1988). "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." State v. Hicks, 241 N.C. 156, 159, 84 S.E.2d 545, 547 (1954).
Here, the evidence overwhelmingly demonstrates that defendant aided and abetted Ms. Miller in committing an armed robbery. Ms. Ramos testified that Ms. Miller pointed a pistol at her and demanded money. Defendant then took the drawer out of the cash register, and he and Ms. Miller fled the store together with the cash drawer. The store's surveillance tape, which was introduced into evidence, showed the entire incident. Defendant offered no evidence, and although Ms. Ramos could not see whether defendant used a weapon, there is no question from the evidence presented that Ms. Miller used a firearm. Ms. Miller's testimony also unequivocally supported the armed robbery charges, and defendant's police statements did not refute the use of a firearm during the robbery. Accordingly, we conclude that, because there is no dispute that the evidence supports all of the elements of aiding and abetting robbery with a dangerous weapon, the trial court properly declined to instruct the jury on the offense of common law robbery.
Additionally, we specifically address defendant's contention that the trial court improperly declined to instruct the jury on the lesser-included offense based on defendant's election not to testify. In response to defendant's request for an instruction on common law robbery, the trial judge stated, "I think on your [] election not to testify, which is tantamount to a denial, [a common law robbery instruction] is not appropriate." Despite the language of the trial court, we conclude that the trial court's oral response to defendant's request for a common law robbery instruction was not based on defendant's election not to testify. After review of the record, it appears that the trial court was responding to the dearth of any evidence, including evidence from defendant, to support a jury instruction on common law robbery. We decline to assign to the trial court a motive to punish defendant for exercising his right to remain silent, particularly where all of the evidence supports the trial court's decision not to instruct the jury on common law robbery. Accordingly, we find no error.
No error.
Judges McGEE and GEER concur.
Report per Rule 30(e).