An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-337

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

v.

TAVARES LAQUIN JETER

Mecklenburg County
Nos. 11 CRS 242221-22, 24


Appeal by defendant from judgments entered 16 July 2013 by Judge Eric L. Levinson in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Phyllis A. Turner, for the State.*

> *Bryan E. Gates, Jr. for defendant-appellant.*


McCULLOUGH, Judge.

Defendant Tavares Laquin Jeter appeals from the judgments entered after a jury found him guilty of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and felonious breaking or entering.  Defendant contends the trial court erred by denying his motion to dismiss the robbery charge because the State's evidence showed he took no active role in the commission of the offense.  We find no error.

At about noon on 15 September 2011, Gary Parsons opened his front door and was attacked by two men who were waiting outside. Mr. Parsons saw a gold Chevrolet parked in front of his house. The men "bum-rushed" Mr. Parsons, then punched him repeatedly and used a taser or stun gun to subdue him and drag him into a bathroom. Mr. Parsons suffered injuries to his head and neck. During the struggle, two more men, including defendant, came into the house. The men did not interfere with the attack. A few days later, Mr. Parsons identified defendant in a photographic lineup and indicated he was seventy to eighty percent (70 – 80%) certain of the identification. Mr. Parsons described defendant as albino.

While Mr. Parsons was in the bathroom, he could hear footsteps throughout the house. After about five minutes, Mr. Parsons heard the house's front door slam and emerged from the bathroom to find that several items were missing from his home, including a television, laptops, and a cell phone. One of Mr. Parsons' neighbors saw defendant exit Mr. Parsons' home and leave in a gold Chevrolet, and another neighbor saw an albino man get into a gold car. After the men left, Mr. Parsons went to a neighbor's house to get help.

At about the same time as the robbery, an undercover police officer working in Mr. Parsons' neighborhood saw a gold Chevrolet traveling at a high rate of speed toward I-485 and followed it until a license plate check revealed no outstanding warrants or other reason to follow it. A few minutes later, the officer heard about the robbery at Mr. Parsons' home and the description of the getaway car, so he and another officer waited at the address listed on the car's registration. At about 2:00, a gold Chevrolet arrived at the address. The car's occupants went inside the house for about fifteen minutes, then returned to the car and went to a fast food restaurant. When officers in marked police cars attempted to block the car in the restaurant parking lot, it sped away. After a short chase, the driver fled on foot, but officers were able to detain a female passenger and the car. In the trunk, officers found a television and computers. Defendant's fingerprints were lifted from the base of the television. Officers also found a cell phone in the car that had defendant's phone number saved as a contact.

A jury found defendant guilty of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and breaking or entering. The trial court sentenced defendant to an active term of 51 to 71 months imprisonment for the

robbery conviction. The trial court consolidated the remaining convictions into a judgment imposing 20 to 33 months imprisonment, suspended the sentence, and placed defendant on 30 months of supervised probation. Defendant appeals.

In his sole argument, defendant contends the trial court erred by denying his motion to dismiss the robbery charge because there was no evidence he took an active role in the crime. We disagree.

"When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation omitted), *cert. denied sub nom Garcia v. North Carolina*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "In reviewing challenges to the sufficiency of evidence, [the appellate court] must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Scott*, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002) (citation omitted). "The test of the sufficiency of the evidence to withstand the defendant's motion to dismiss is the same whether

the evidence is direct, circumstantial, or both." *State v. Vause*, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991).

Armed robbery is defined by statute:

> Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, *or who aids or abets any such person or persons in the commission of such crime*, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87(a) (2013) (emphasis added); *see State v. Willis*, 127 N.C. App. 549, 551, 492 S.E.2d 43, 44 (1997) (defining the essential elements of armed robbery). "By its express terms G.S. 14-87 extends to one who aids and abets in an attempt to commit armed robbery." *State v. Dowd*, 28 N.C. App. 32, 38, 220 S.E.2d 393, 397 (1975).

Our courts have defined aiding and abetting:

> A person is not guilty of a crime merely because he is present at the scene even though he may silently approve of the crime or secretly intend to assist in its commission; to be guilty he must aid or actively encourage the person committing the crime or in some way communicate to this person his intention to assist in its commission. The communication or intent to

> aid does not have to be shown by express words of the defendant but may be inferred from his actions and from his relation to the actual perpetrators.

*State v. Goode*, 350 N.C. 247, 260, 512 S.E.2d 414, 422 (1999) (citations omitted).

Although defendant is correct that mere presence at a crime scene is insufficient to support an inference of guilt, the evidence in this case was sufficient to withstand defendant's motion to dismiss the robbery charge. Although Mr. Parsons testified that defendant did not take an active role in beating him and he did not witness the perpetrators take property, the evidence supports an inference that defendant aided his accomplices in robbing Mr. Parsons.

First, defendant and another man entered the house together minutes after the first two men rushed the door and attacked Mr. Parsons. During the assault on Mr. Parsons, during which the two assailants struck Mr. Parsons and used a stun gun to subdue him, defendant stood just a few feet away without intervening or protesting. Mr. Parsons identified defendant and saw a gold Chevrolet parked in front of his house at the time of the offense. Other witnesses saw defendant leave the house and get in a gold Chevrolet, and police officers later recovered the stolen property from a gold Chevrolet. Most significantly, the

perpetrators took a television and other property from Mr. Parsons' home, and defendant's fingerprints were on the television police recovered from the gold Chevrolet. Finally, defendant's phone number was saved as a contact on a cell phone found in the car.

All of this evidence, taken together and in the light most favorable to the State, demonstrates that defendant had a relationship with his accomplices and took an active role in removing the stolen property from Mr. Parsons' home. Accordingly, defendant was more than a mere bystander to the commission of the robbery and we find no error in the trial court's denial of defendant's motion to dismiss the armed robbery charge.

No error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).