HAMPSON, Judge.
 

 *218
 

 Factual and Procedural Background
 

 James A. Cox (Defendant) appeals from his convictions for Conspiracy to Commit Armed Robbery with a Dangerous Weapon and Felonious Breaking or Entering.
 
 [1]
 
 The evidence presented at trial tends to show the following:
 

 Sometime prior to the night of 8 August 2015, Defendant gave Richard Linn (Linn) $ 20.00 to purchase Percocet tablets or other drugs. Linn testified he regularly used Angela Leisure (Leisure) as a go-between to purchase drugs. On this occasion, Linn added his own money to Defendant's and gave Leisure approximately $ 50.00 or $ 60.00. Leisure admitted she never purchased the drugs and never returned the money to Linn.
 

 Linn further testified on the evening of 8 August 2015, Defendant and his girlfriend, Ashley Jackson (Jackson), arrived at Linn's house and demanded he come outside. Defendant was standing outside with a gun in his hand and told Linn to "get in the car." Linn stated Defendant and Jackson wanted to go to Leisure's house "to talk to her about their money." After getting in the car, Linn directed Defendant to Leisure's house.
 

 Leisure's boyfriend, Daniel McMinn (McMinn), testified he was standing outside of Leisure's home when Defendant, Jackson, and Linn arrived. Jackson asked McMinn where Leisure was. Jackson and Defendant entered the house and McMinn followed. After entering the home, Jackson attacked Leisure by pulling her hair, punching her, and forcing her to the ground. Leisure recalled Jackson saying, "give me my money" or "give me the money." McMinn testified he reached for his cell
 
 *219
 
 phone to call the police, but he stopped when he saw Defendant display a handgun "in a threatening way."
 

 After several minutes of fighting, Linn called Jackson off, saying: "I think she's had enough. Come on, let's go." Defendant, Jackson, and Linn left the house. Linn testified once outside Defendant turned and kicked a hole in the door. Defendant also fired a shot into Leisure's home, which struck a mirrored door inside the home. Defendant, Jackson, and Linn left Leisure's home without obtaining any money or personal property.
 

 Based on these events, Defendant was arrested and charged with First-Degree Burglary, Conspiracy to Commit Robbery with a Dangerous Weapon, and Discharging a Weapon into an Occupied Property.
 
 [2]
 
 Following the State's presentation of evidence, Defendant moved to dismiss all charges. This Motion was denied.
 

 Subsequently, Defendant presented evidence, including his own testimony. Defendant's evidence tended to show he went to Linn's house on 8 August 2015 to give Linn $ 20.00 to purchase pain relievers for Jackson.
 

 *268
 
 Later in the evening, Linn requested Defendant pick him up because Leisure had taken the money and would not answer his phone calls. Linn said he would talk to Leisure in person and get Defendant's money back. Defendant claimed no one, including himself, had a weapon on 8 August 2015 and that Jackson kicked in the door, not Defendant. At the close of all the evidence, Defendant renewed his Motion to Dismiss all charges, which the trial court denied.
 

 After instructing the jury, the trial court provided the jury with written copies of its jury instructions. After deliberating for approximately two hours, the jury returned a note with two questions related to the Conspiracy charge: The first question stated, "Can we get clarification of 'While the defendant knows that the defendant is not entitled to take the property,' " which was part of the definition in the jury instructions on Conspiracy to Commit Robbery with a Dangerous Weapon. The jury's second question asked, "Is it still Robbery to take back one owns [sic] property?" After conferring with counsel, and without any objection by Defendant's trial counsel, the trial court declined to answer the jury's two questions directly. Instead, the trial court referred the jury back to its written copy of the jury instructions.
 

 *220
 
 On 16 January 2018, the jury returned a verdict finding Defendant guilty of Felonious Breaking or Entering, Conspiracy to Commit Robbery with a Dangerous Weapon, and Discharging a Weapon into an Occupied Property. The trial court entered a consolidated judgment on the Conspiracy to Commit Robbery with a Dangerous Weapon and Discharging a Weapon into an Occupied Property charges, sentencing Defendant to a minimum of 60 months and a maximum of 84 months in the custody of the North Carolina Department of Adult Correction. On the Felonious Breaking or Entering charge, Defendant received a suspended sentence of 6 to 17 months and was placed on supervised probation for a term of 24 months. Defendant gave oral notice of appeal at trial. This Court has jurisdiction to hear Defendant's appeal under N.C. Gen. Stat. § 7A-27(b)(1) (2017) and N.C.R. App. P. 4(a)(1).
 

 Issues
 

 Defendant raises several issues including whether the trial court committed plain error in refusing to answer the jury's questions or whether his trial counsel committed ineffective assistance of counsel by failing to request further instructions in response to the jury's questions. However, the dispositive issues in this case, raised by Defendant, are whether the trial court: (1) erroneously denied Defendant's Motion to Dismiss the charge of Conspiracy to Commit Robbery with a Dangerous Weapon at the close of all the evidence; and (2) erroneously denied Defendant's Motion to Dismiss the charge of Felonious Breaking or Entering at the close of all the evidence.
 

 Analysis
 

 Defendant contends the trial court erred in denying his Motion to Dismiss the Conspiracy to Commit Robbery with a Dangerous Weapon and Felonious Breaking or Entering convictions based upon the sufficiency of the evidence. Defendant argues the State presented no evidence Defendant possessed the requisite felonious intent necessary for these two convictions. We agree.
 

 I. Standard of Review
 

 This Court has stated:
 

 The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to
 
 *221
 
 dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.
 

 State v. Wood
 
 ,
 
 174 N.C. App. 790
 
 , 795,
 
 622 S.E.2d 120
 
 , 123 (2005) (citations and quotation marks omitted). "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted).
 

 *269
 

 II. Conspiracy to Commit Robbery with a Dangerous Weapon
 

 "In order to prove a criminal conspiracy, the State must show an agreement between two or more persons to do an unlawful act or to do a lawful act in an unlawful way."
 
 State v. Gray
 
 ,
 
 56 N.C. App. 667
 
 , 672,
 
 289 S.E.2d 894
 
 , 897 (1982) (citation omitted). In this case, the State had the burden to present substantial evidence tending to show that Defendant and Jackson agreed to commit each element of Robbery with a Dangerous Weapon against Leisure.
 

 "For the offense of robbery with a dangerous weapon, the State must prove '(1) the unlawful taking or attempt to take personal property from the person or in the presence of another; (2) by use or threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened.' "
 
 State v. Pratt
 
 ,
 
 161 N.C. App. 161
 
 , 163,
 
 587 S.E.2d 437
 
 , 439 (2003) (quoting
 
 State v. Wiggins
 
 ,
 
 334 N.C. 18
 
 , 35,
 
 431 S.E.2d 755
 
 , 765 (1993) );
 
 see also
 

 N.C. Gen. Stat. § 14-87
 
 (a) (2017). The taking or attempted taking must be done with felonious intent.
 
 State v. Norris
 
 ,
 
 264 N.C. 470
 
 , 472,
 
 141 S.E.2d 869
 
 , 871 (1965) (quoting
 
 State v. Lawrence
 
 ,
 
 262 N.C. 162
 
 , 163-68,
 
 136 S.E.2d 595
 
 , 597-600 (1964) ). Our Supreme Court has stated, "Felonious intent is an essential element of the crime of robbery with firearms and has been defined to be the intent to deprive the owner of
 
 his goods
 
 permanently and to appropriate them to the taker's own use."
 
 State v. Brown
 
 ,
 
 300 N.C. 41
 
 , 47,
 
 265 S.E.2d 191
 
 , 196 (1980) (citations omitted).
 

 Under existing North Carolina case law, a defendant can negate the element of felonious intent by showing he took or attempted to take the property under a bona fide claim of right or title to the property.
 
 See
 

 State v. Spratt
 
 ,
 
 265 N.C. 524
 
 ,
 
 144 S.E.2d 569
 
 (1965). In
 
 Spratt
 
 , our Supreme Court stated, "A defendant is not guilty of robbery if he forcibly takes personal property from the actual possession of another under a
 
 bona fide claim of right or title to the property
 
 , or for the personal protection
 
 *222
 
 and safety of defendant and others, or as a frolic, prank or practical joke, or under color of official authority."
 
 Id.
 
 at 526-27,
 
 144 S.E.2d at 571
 
 (emphasis added) (citations omitted).
 
 Spratt
 
 , in turn, relied on a line of cases including
 
 State v.
 

 Lawrence
 
 . In
 
 Lawrence
 
 , the defendant was charged with robbery after assaulting the victim because defendant claimed the victim "owed him something."
 
 262 N.C. at 168
 
 ,
 
 136 S.E.2d at 600
 
 . In granting a new trial, the Supreme Court held the defendant was entitled to a jury instruction on felonious intent where the conflicting evidence could permit a finding the taking was without felonious intent.
 
 Id
 
 . ;
 
 see also
 
 N.C.P.I.-Crim. 217.10 n.4 (June 2016) (pattern jury instruction for Common Law Robbery specifically providing: "In the event that a defendant relies on claim of right, the jury should be told that if the defendant honestly believed he was entitled to take the property, he cannot be guilty of robbery").
 
 [3]
 

 Decisions from this Court, however, have questioned
 
 Spratt
 
 and rejected the notion that a defendant cannot be guilty of armed robbery where the defendant claims a good-faith belief that he had an ownership interest in the property taken.
 
 [4]
 

 See
 

 State v. Oxner
 
 ,
 
 37 N.C. App. 600
 
 , 604,
 
 246 S.E.2d 546
 
 , 548 (1978) ("We renounce the notions that force be substituted for voluntary consent and violence be substituted for due process of law."),
 
 judgment aff'd without precedential value
 
 ,
 
 297 N.C. 44
 
 ,
 
 252 S.E.2d 705
 
 (1979) ;
 

 *270
 

 State v. Willis
 
 ,
 
 127 N.C. App. 549
 
 , 552,
 
 492 S.E.2d 43
 
 , 45 (1997).
 
 Oxner
 
 presented similar facts as the case at bar: a claim of money owed related to a drug deal and a charge of robbery with a firearm.
 
 37 N.C. App. at 602-04
 

 ,
 

 246 S.E.2d at 547-48
 
 . However, on review, our Supreme Court divided equally, leaving this Court's opinion without precedential value. Moreover,
 
 Oxner
 
 differs from this case in that there: (A) the defendant denied taking any property at all; and
 
 *223
 
 (B) the claim was vague and related to an unliquidated amount.
 
 See
 

 id.
 

 at 604
 
 ,
 
 246 S.E.2d at 548
 
 . Here, the claim was for specific amounts, there was no dispute Defendant-along with Linn and Jackson-intended to recoup their money, and even Leisure admitted she owed the money.
 

 In
 
 Willis
 
 , the defendant contended the State was required to prove the victim actually owned the property taken in order for the offense to constitute armed robbery.
 
 127 N.C. App. at 551-52
 
 ,
 
 492 S.E.2d at 44-45
 
 . This Court rejected this argument and held in the absence of any evidence showing the defendant had an ownership interest in the property, the bona fide claim of right, or "self-help," defense simply did not apply.
 

 Id.
 

 In reaching its decision, however, this Court did question the ongoing viability of
 
 Spratt
 
 .
 
 Id.
 
 at 552,
 
 492 S.E.2d at 45
 
 . Nevertheless, to the extent
 
 Willis
 
 is construed as conflicting with the earlier Supreme Court opinions in
 
 Lawrence
 
 and
 
 Spratt,
 
 among others, we conclude we remain bound to follow and apply
 
 Spratt
 
 .
 
 See
 

 Respess v. Respess
 
 ,
 
 232 N.C. App. 611
 
 , 625,
 
 754 S.E.2d 691
 
 , 701 (2014) (citations omitted).
 

 Here, unlike in
 
 Willis
 
 , the evidence at trial demonstrates Defendant, along with Linn and Jackson, went to Leisure's home to retrieve the money they provided to Leisure for the purchase of drugs. The witnesses for both the State and defense agreed Defendant, Linn, and Jackson were attempting to collect monies owed to them. Defendant testified he gave Linn the money to purchase drugs from Leisure; Linn told Defendant that he would talk to Leisure and get Defendant's money back; and that he, Jackson, and Linn went to Leisure's house in an attempt to recover their money. Both Linn and Leisure, who testified for the State, agreed that Defendant and Jackson went to Leisure's house to obtain money they believed was their property. After a thorough review of the record, we conclude the State presented no evidence tending to show Defendant possessed the necessary intent to commit robbery. Rather, all of the evidence proffered at trial supports Defendant's claim that Defendant, Linn, and Jackson went to Leisure's house to retrieve their own money. Therefore, under
 
 Spratt
 
 , Defendant could not be guilty of Conspiracy to Commit Robbery with a Dangerous Weapon because he-and his alleged co-conspirators-held a good-faith claim of right to the money.
 
 See
 

 Spratt
 
 ,
 
 265 N.C. at 526-27
 
 ,
 
 144 S.E.2d at 571
 
 .
 

 Because there was no evidence suggesting Defendant had an intent to take and convert property belonging to another, the trial court erred in denying Defendant's Motion to Dismiss the charge of Conspiracy to Commit Robbery with a Dangerous Weapon. Consequently, we reverse the Judgment on that charge.
 

 *224
 

 III. Felonious Breaking or Entering
 

 "The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein."
 
 State v. Williams
 
 ,
 
 330 N.C. 579
 
 , 585,
 
 411 S.E.2d 814
 
 , 818 (1992) (citation omitted). Here, the trial court expressly instructed the jury that to convict Defendant of Felonious Breaking or Entering, it was required to find Defendant intended to commit Robbery with a Dangerous Weapon. As discussed above, the trial court erred in denying Defendant's Motion to Dismiss the charge of Conspiracy to Commit Robbery with a Dangerous Weapon because Defendant lacked the necessary felonious intent. Therefore, the trial court also erred in denying Defendant's Motion to Dismiss the charge of Felonious Breaking or Entering, which was expressly only predicated on the felony of Robbery with a Dangerous Weapon.
 

 Nevertheless, the jury did find Defendant guilty of Felonious Breaking or Entering, including finding the State had proven all of the elements of that offense.
 

 *271
 
 "Misdemeanor breaking or entering, G.S. 14-54(b), is a lesser included offense of felonious breaking or entering and requires only proof of wrongful breaking or entry into any building."
 
 State v. O'Neal
 
 ,
 
 77 N.C. App. 600
 
 , 606,
 
 335 S.E.2d 920
 
 , 924 (1985) (citations omitted). Misdemeanor Breaking or Entering does not require a finding of felonious intent.
 
 See
 
 id.
 

 As our holding above only negates the element of Defendant's felonious intent to commit Robbery with a Dangerous Weapon, the jury's verdict still supports finding Defendant guilty of Misdemeanor Breaking or Entering. We reverse and remand to the trial court to arrest judgment on the charge of Felonious Breaking or Entering and to enter judgment on Misdemeanor Breaking or Entering.
 
 State v. Silas
 
 ,
 
 168 N.C. App. 627
 
 , 635,
 
 609 S.E.2d 400
 
 , 406 (2005) (citation omitted),
 
 modified on other grounds and aff'd
 
 ,
 
 360 N.C. 377
 
 ,
 
 627 S.E.2d 604
 
 (2006).
 

 Conclusion
 

 Accordingly, we reverse the Defendant's conviction for Conspiracy to Commit Robbery with a Dangerous Weapon. Defendant did not challenge his conviction for Discharging a Weapon into an Occupied Property; however, we remand for resentencing because this offense was consolidated for judgment with Conspiracy to Commit Robbery with a Dangerous Weapon. Further, we reverse Defendant's conviction of Felonious Breaking or Entering and remand this matter for the trial
 
 *225
 
 court to arrest judgment on Felonious Breaking or Entering and enter judgment against Defendant for Misdemeanor Breaking or Entering.
 

 REVERSED IN PART AND REMANDED.
 

 Chief Judge McGEE and Judge HUNTER concur.
 

 [1]
 

 Defendant was also convicted of Discharging a Weapon into an Occupied Property but raises no arguments on appeal regarding this offense.
 

 [2]
 

 Jackson was charged as a co-defendant with Conspiracy to Commit Robbery with a Dangerous Weapon, First-Degree Burglary, and Simple Assault, and their cases were joined for trial.
 

 [3]
 

 We note the pattern jury instructions for Robbery with a Firearm, Attempted Robbery with a Firearm, and Robbery with a Dangerous Weapon Other than a Firearm do not include such express language specific to this claim of right defense.
 
 Compare
 
 N.C.P.I.-Crim. 217.10 (June 2016) (Common Law Robbery),
 
 with
 
 N.C.P.I.-Crim. 217.20 (June 2018) (Robbery with a Firearm), N.C.P.I.-Crim. 217.25 (May 2003) (Attempted Robbery with a Firearm),
 
 and
 
 N.C.P.I.-Crim. 217.30 (June 2018) (Robbery with a Dangerous Weapon - Other than a Firearm). However, the element of felonious intent is required for all of these offenses.
 
 See
 

 Spratt
 
 ,
 
 265 N.C. at 526
 
 ,
 
 144 S.E.2d at 571
 
 (citation omitted).
 

 [4]
 

 A review of other jurisdictions reveals a split across the country on whether a bona fide claim of right defense precludes an armed robbery conviction.
 
 See generally
 
 Kristine Cordier Karnezis, Annotation,
 
 Robbery, Attempted Robbery, or Assault to Commit Robbery, as Affected by Intent to Collect or Secure Debt or Claim
 
 ,
 
 88 A.L.R.3d 1309
 
 (1978 & Supp. 2018).